Per Curiam.

The issue presented is whether the bearings held by appellant in its Ohio warehouse during 1953 and 1954 were held “for storage only” or were “used in business,” within the meaning of those words as used in Section 5701.08, Revised Code, as in effect during those years.
The statute then read in part:
“Personal property is ‘used’ within the meaning of ‘used in business’ when employed or utilized in connection with ordinary or special operations, when acquired or held as means or instruments for carrying on the business, when kept and maintained as a part of a plant capable of operation, whether actual *88 ly in operation or not, or when stored or kept on hand as material, parts, products, or merchandise; but merchandise * * * belonging to a nonresident of this state is not used in business in this .state if held in a storage warehouse for storage only * # #
The treasurer of The Torrington Company, when testifying at the hearing before the Board of Tax Appeals, was asked whether he considered the warehouse in Ohio to be a part of the production or manufacturing operation. His answer was, “very definitely.” He testified further that in order to show a profit the company must produce a certain quantity and in so doing it would not necessarily have immediate need for all the quantity produced, and the excess would have to be stored for future sales, thus the need for a warehouse. Clearly, the subject property was not stored but was held in inventory at the warehouse, a distribution point, for sale, and, until sold upon orders of customers, the property was returnable as personal property used in business. Joslyn Mfg. & Supply Co. v. Bowers, Tax Commr., 170 Ohio St., 575; Grinnell Corp. v. Bowers, Tax Commr., 167 Ohio St., 267.
The decision of the Board of Tax Appeals is affirmed.

Decision affirmed.

Weygandt, C. J., Zimmerman, Matthias and Bell, JJ., concur.
O’Neill, J., dissents.
Herbert, J., not participating.